JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DONZELL THOMPSON, | ) | No. SA CV 15-908-JGB (PLA) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FOLLOW COURT ORDERS** |
| UNKNOWN, | ) | |
| Defendant. | ) | |

## I.
## BACKGROUND

On June 9, 2015, plaintiff, a federal prisoner who at the time he filed this action was incarcerated at the Santa Ana Jail, filed a pro se civil rights action herein pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Plaintiff subsequently was granted leave to proceed without prepayment of the full filing fee. Plaintiff's "Complaint" consisted of a three-page letter to the Court, dated May 29, 2015, with attached documents.[1] No defendants

---

[1] In connection with this case, plaintiff submitted several letters and documents to the Court, none of which were in the form of a pleading. The Magistrate Judge considered all of the documents submitted by plaintiff as supplements to his Complaint. (See Dkt. Nos. 1, 5, 7, 12). The Court references the page numbers assigned to the electronically-filed version of plaintiff's

(continued...)

were named. Plaintiff claimed that, while held at the Santa Ana Jail, he was denied "the same rights that every BOP inmate is entitled to and afforded throughout the BOP system." (Dkt. No. 1 at 1). Plaintiff did not purport to seek any remedy and stated that he was "writing this letter not demanding anything all I am doing is asking for you to correct such injustice in the treatment I have been receiving in this facility." (Dkt. No. 1 at 3). On June 25, 2015, plaintiff filed a one-page "Notice" addressed to the Court, in which he stated that he is filing his Complaint against "the Federal Bureau of Prison, Western Regional Office" ("BOP"). Attached to the Notice was a "Program Statement" of the "Inmate Discipline Program." (Dkt. No. 5).[2]

Following careful review of the Complaint, the Magistrate Judge found that the allegations in the Complaint were insufficient to state a plausible federal civil rights claim, and failed to comply with Rule 8 of the Federal Rules of Civil Procedure. (Dkt. No. 16). On August 14, 2015, the Complaint, therefore, was dismissed with leave to amend. (Id.). Plaintiff was advised that if he desired to pursue this action, he must file a First Amended Complaint no later than September 11, 2015, remedying the deficiencies in the Complaint. The Magistrate Judge further advised plaintiff that if he failed to timely file the First Amended Complaint or to remedy the deficiencies of the Complaint as discussed in the August 14, 2015, order dismissing the Complaint with leave to amend, the Magistrate Judge "**will recommend that the action be dismissed with prejudice**." (Dkt. No. 16 at 12).

On September 16, 2015, the Magistrate Judge issued an order requiring plaintiff to show cause no later than October 7, 2015, why he had not timely paid the $5.00 partial filing fee ("Order to Show Cause"). (Dkt. No. 17). On September 24, 2015, the Order to Show Cause was returned to the Court with the notation "Return to Sender[,] No Longer in Custody." (Dkt. No. 18).

As of the date of this Order, plaintiff has not filed a First Amended Complaint, nor has he responded to the Magistrate Judge's September 16, 2015, Order to Show Cause, informed the

---

[1](...continued)
filings because the documents do not have consecutive page numbers.

[2] On June 25, 2015, plaintiff again filed the same "Notice" and attachment as he previously filed in Docket No. 5. (See Dkt. No. 7).

Court of any change of address, or otherwise communicated with the Court, and the time to do so has expired.

## II.

## **DISCUSSION**

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to plaintiff's failure to prosecute or comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff's failure to file a First Amended Complaint, respond to the September 16, 2015, Order to Show Cause, and to keep the Court informed of his current address as required by Local Rule 41-6, hinders the Court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, the Magistrate Judge screened the allegations in plaintiff's Complaint and informed plaintiff that the allegations are insufficient to state a federal claim and/or fail to comply with Rule 8 of the Federal Rules of Civil Procedure. Moreover, it is plaintiff's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to file a First Amended Complaint as ordered by the Magistrate Judge, by failing to respond to the September 16, 2015, Order to Show Cause, or by failing to keep the Court informed of his current address, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge first attempted to avoid dismissal when he issued the August 14, 2015, order, giving plaintiff an opportunity to amend his Complaint and remedy the deficiencies therein. The Magistrate Judge again attempted to avoid dismissal when he issued the September 16, 2015, Order to Show Cause why this case should not be dismissed for failure to pay the required fee. Nonetheless, as of the date of this Order, plaintiff has failed to file a First Amended Complaint as required by the Magistrate Judge's August 14, 2015, order, and failed to respond to the September 16, 2015, Order to Show Cause, or otherwise respond to those orders.

Additionally, plaintiff has failed to comply with the Local Rule of the United States District Court for the Central District of California that requires him to keep the Court informed of any change of address:

> **Dismissal -- Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.** A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Local Rule 41-6.

4

Here, the Magistrate Judge's September 16, 2015, order was returned to the Court with a notation that plaintiff was no longer in custody. Plaintiff was required, therefore, to notify the Court of his current address no later than October 1, 2015, pursuant to Local Rule 41-6. As of the date of this Order, he has failed to do so. In affirming the district court's dismissal of a case for failure to prosecute, the Ninth Circuit has observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court apprised of his current address renders this case indistinguishable from Carey.

Taking all of the above factors into account, dismissal for failure to prosecute and follow court orders is appropriate. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, the Magistrate Judge's "Order Re: Civil Rights Case" cautioned plaintiff about the possibility of dismissal for failure to prosecute if he failed to keep the Court informed of any change of address (Dkt. No. 15, ¶ 2), and he was again cautioned in the Magistrate Judge's August 14, 2015, Order Dismissing Complaint with Leave to Amend that failure to timely file a First Amended Complaint might result in dismissal of the action with prejudice. (Dkt. No. 16 at 12).

### III.
### ORDER

IT IS THEREFORE ORDERED that this action is **dismissed with prejudice** for failure to prosecute and to follow court orders.

DATED:     October 14, 2015

              HONORABLE JESUS G. BERNAL
              UNITED STATES DISTRICT JUDGE

5